UNITED STATES of America, FOR THE USE AND BENEFIT OF CONTINENTAL LUMBER COMPANY, a corporation, Plaintiff,

v.

Harold EMBREY, doing business under the name and designation of Standard Construction Company, and

Frank P. Kloepfer and William Gramkow, Jr., doing business under the name and designation of Kloepfer & Gramkow, a copartnership, and

United Pacific Insurance Company, a corporation, and

Manufacturers Casualty Insurance Company, a corporation, Defendants.

No. 3106.

United States District Court
D. Idaho, Southern Division.

April 29, 1955.

644

Worthwine & Dworshak, Boise, Idaho, for plaintiff Continental Lumber Co.

J. F. Martin & C. Ben Martin, Boise, Idaho, for defendants Kloepfer & Gramkow, United Pacific Insurance Company, a corporation, and Manufacturers Casualty Insurance Company, a corporation.

Harold Embrey, pro se.

TAYLOR, District Judge.

The Court now has this matter on plaintiff's motion to strike defendants' affirmative defense. Oral argument has been heard and counsel have submitted briefs. Defendant Harold Embrey, however, has answered separately and neither he nor his pleading is directly involved in this motion.

The transaction out of which this litigation arose was the construction of certain buildings for the United States of America at Mountain Home Air Force Base, Elmore County, Idaho. Plaintiff is a materialman and has brought this action under the Miller Act, 40 U.S.C.A. § 270b, et seq., against the above-entitled defendants who are the subcontractor, the general contractor, and the sureties of said general contractor respectively. The subcontractor, Embrey, answering separately, has affirmatively alleged that on August 25, 1954, he was adjudicated a bankrupt.

The affirmative defense plaintiff seeks to have stricken avers that before plaintiff had supplied any materials to

defendant Embrey, the general contractor, Kloepfer and Gramkow, had invited Embrey to bid on the subcontract in question on the condition that he would furnish a performance bond. Thereafter, plaintiff's manager, defendant Embrey, another man who was acting on Embrey's behalf, and a representative of yet another company through whom plaintiff and Embrey allegedly proposed to buy the materials which Embrey would use to do the subcontracting job should he get the bid, called at the general contractor's office. At this meeting, plaintiff's manager, one L. W. Mitchell, is alleged to have stated that if the general contractor would give Embrey the subcontract in question and would waive the requirement that he supply a performance bond, plaintiff would furnish Embrey all needed materials and would hold the general contractor harmless from any claim for materials so supplied. Relying upon this representation, the contractors waived the bond from Embrey and gave him the contract in question. The above summary of the facts is an abstract of the allegations of the affirmative defense which, of course, are taken to be true for the purpose of this motion.

It appears that by their affirmative defense defendants have alleged facts sufficient to set up a contractual relationship between plaintiff and Kloepfer and Gramkow whereby plaintiff waived its materialman's right under the Miller Act against said defendant and its sureties. It may be revealed that Mitchell, by his remarks and conduct at the said conference, made an offer to the general contractor which was accepted by that defendant's actions in response thereto. 12 Am.Jur., Contracts, §§ 8, 43, 79, 113 and 114. Whether a valid contract did arise, however, is a question which the Court will be better able to decide from the evidence.

Since the representations here in question were made with reference to a contingent right to arise in the future, the doctrines of promissory and equitable estoppel are not proper defenses. Cf.

Annotation at 115 A.L.R. 152; also, 18 Fifth Dec. Digest, Estoppel, ⊂—85, and the General Digests following. Defendants, therefore, must prove by a preponderance of the evidence that a valid contract arose between plaintiff and the general contractor, and that as a consequence thereof plaintiff waived its materialman's right of action under the Miller Act. It is the law of contracts, not equity, which this affirmative defense invokes.

Accordingly, plaintiff's motion to strike is denied without prejudice.